UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MATTHEW J. MCAVOY, #475829,

                                    Plaintiff,

                                            **ORDER**
          -against-                         16-CV-4930 (JMA)(ARL)

SUFFOLK COUNTY CORRECTIONAL FACILITY,
ROBERT SITLER, KENNETH LINDSTRAND,

                                    Defendants.
----------------------------------------------------------------X

**AZRACK, District Judge:**

On August 26, 2016, incarcerated pro se plaintiff Matthew J. McAvoy filed a complaint against Suffolk County Warden Charles Ewald ("Warden Ewald"), Dr. Vincent Geraci ("Dr. Geraci"), and Suffolk County (collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a deprivation of his constitutional rights, accompanied by an application to proceed in forma pauperis. By Order dated November 29, 2016 (the "Order"), the Court granted plaintiff's request to proceed in forma pauperis but sua sponte dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff was granted leave to file an amended complaint within thirty (30) days from the date of the Order.

On December 16, 2016, plaintiff timely filed an amended complaint against the Suffolk County Correctional Facility (the "Jail"), Correction Officer Robert Sitler ("C.O. Sitler"), Correction Officer Kenneth Lindstrand ("C.O. Lindstrand") alleging a deprivation of his constitutional rights pursuant to Section 1983. Plaintiff also filed another application to proceed in forma pauperis on December 16, 2016. Because the Court has already granted plaintiff in forma pauperis status, (see Order, Docket Entry No. 6), the present application is denied as moot. In addition, for the reasons that follow, the claims against the Jail are dismissed sua sponte pursuant to 28 U.S.C. §§ 1915 (e) (2)(B)(ii), 1915A(b)(1). Plaintiff's

remaining claims shall proceed and the Court orders service of the summonses and copies of the amended complaint and this order upon C.O. Sitler and C.O. Lindstrand by the United States Marshal Service ("USMS") forthwith.

## I.   BACKGROUND[1]

Plaintiff's brief, handwritten amended complaint is submitted on the Court's Section 1983 complaint form. In its entirety, plaintiff's statement of claim alleges:[2]

> Upon arrival to Yaphank Corr. Facility on 5-6-16 at 2:25 pm I was told to take my shoes off. I was then placed on the wall by Robert Sitler. After that I was violently kicked in the leg by C.O. Robert Sitler. He then asked me to pick my shoes up to hand them to him. Out of fear I slid them back with my feet. He then kicked the shoes back at me and punched me repeatedly in head and face, wrist bent up, pressure points used. My legs were then taken out, next C.O. Robert Sitler continued to punch me in the head, face, neck and side of body all on camera on 2:25\5-6-16\ while I laid in fetal position. Then C.O. Kenneth Lindstrand grabed my ankle and put it in a pressure lock. I asked him to please release my ankle. Instead he viciously snapped it, I then through my body from the sheer rush of pain, resulting in my head cracking open on the wall and foot landing on C.O. Kenneth Linstrand chest. I was then mased after again pleading for this all to stop. Then I laid on stomach as long as beaten didn't continue, and was handcuffed. I was then placed in cuff and shacked for 6 month and 40 day box time for alleged attempt assault on a corrections officer. Suffolk County Correctional Facility for failure to protect from violent staff members, also neglagent medical. Robert Sitler for excessive force and civil rights violation. Kenneth Lindstrand for excessive force and civil right violation. Also violation of (C3-C's) care, custody, control.

(Am. Compl. ¶ IV and at 6.) In the space on the form that calls for a description of any claimed injuries and any medical treatment required and/or provided, plaintiff alleges:

> I was denied outside medical upon arrival on 5-6-16 from Yaphank, even after nurse said in bull pen on camera that I need it. Later found out it fractured, Avulsian fracture of the distal fibular, than gave Ace bandage. Later 4 month

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation and grammar have not been corrected or noted.

> later, MRI, Tylenol, Codeine, Naproxin, fracture is still visible, heal incorrect, mental anguish and mental distress. I take gabapetin.

(Id. ¶ IV.A.) For relief, plaintiff seeks to recover "monetary damages" in the sum of $750,000. (Id. ¶ V.)

## II. DISCUSSION

### A. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint or amended complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather, the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do

justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**B.      Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have

deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

### 1.   Claims Against the Jail

The Jail is a non-suable entity because it is merely an administrative arm of Suffolk County. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." See Rose v. Cnty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012); see also Filippone v. Suffolk Cnty. Corr. Facility, 11-CV-4937, 2012 WL 527050, at *2 (E.D.N.Y. Feb. 14, 2012) (dismissing Section 1983 against the Jail because it is an administrative arm of the County of Suffolk with no independent identity); Franko v. Suffolk Cnty. Corr. Facility, 10-CV-5449, 2011 WL 1004891, at *1 (E.D.N.Y. Mar. 17, 2011) (holding that the Suffolk County Correctional Facility could not be subject to suit because of its status as an administrative arm of the County of Suffolk). Therefore, plaintiff's claim against the Jail is implausible as a matter of law and is thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

However, given plaintiff's pro se status and affording his amended complaint a liberal construction, the Court next considers whether plaintiff has alleged a plausible claim if his claim is construed as against the municipality, Suffolk County. For the reasons that follow, the Court finds that he has not. It is well-established that a municipality, such as Suffolk County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal

policy or custom caused a deprivation of the plaintiff's rights. See, e.g., Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002). "[A] single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998).

Here, even affording the pro se complaint a liberal construction, there are no factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains was caused by some policy or custom of Suffolk County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, plaintiff has not alleged a plausible Section 1983 claim against Suffolk County and his claim is thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### 2. Claims Against C.O. Sitler and C.O. Lindstrand

Plaintiff's claims against C.O. Sitler and C.O. Lindstrand shall proceed. Accordingly, the Court orders the Clerk of the Court to issue summonses for these defendants and to forward the summonses and copies of the amended complaint and this order to the USMS for service upon C.O. Sitler and C.O. Lindstrand forthwith.

### III. CONCLUSION

For the forgoing reasons, the complaint is sua sponte dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) as against the Jail. Plaintiff's claims against C.O. Sitler and C.O. Lindstrand shall proceed and the Court orders service of the summonses and copies of the amended complaint and this Order by the USMS forthwith.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

      /s/ (JMA)
Joan M. Azrack
United States District Judge

Dated: March 23, 2016
      Central Islip, New York